IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80187

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

   Plaintiff,

v.

PALM BEACH RV PARK, LLC,

   Defendant.

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Palm Beach RV Park, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 11 St James Dr, Palm Beach Gardens, FL 33418. Defendant's agent for service of process is Morton Fishman, 11 St James Dr, Palm Beach Gardens, FL 33418.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.  Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

**FACTS**

**I.   Plaintiff's Business and History**

6.  Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

7.  For the past seventeen (17) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8.  Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9.  Mr. Stevens travels throughout the State of Florida, nationally, and internationally

to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

10. Plaintiff maintains a commercial website ([www.robertstevens.com](www.robertstevens.com)) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography to the bottom right corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.   The Work at Issue in this Lawsuit**

13. In 2005, Plaintiff created a professional aerial photograph (titled "Downtown West Palm Beach 8/21/2005") of West Palm Beach, Florida (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management

information as follows: "Photography by Robert Stevens." A copy of the Work is exhibited below:



14. The Work was registered by Plaintiff with the Register of Copyrights on March 13, 2013 and was assigned Registration No. VA 1-850-334. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

15. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.  Defendant's Unlawful Activities

16. Defendant is a recreational vehicle (RV) park that provides parking spaces to long term residents. Defendant services West Palm Beach, Florida and rents space by the month only. Defendant is "more than just a housing complex" and has limited amenities available to its residents.

17. Defendant primarily advertises/markets its services through its website (https://www.palmbeachrvparks.com/) and other forms of advertising.

18. On a date after Plaintiff's above-referenced copyright registration of the Work,

Defendant published the Work on its website (at https://www.palmbeachrvparks.com/):



19. A true and correct copy of screenshots of Defendant's website, displaying the Work, is attached hereto as **Exhibit "B."**

20. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public use.

21. Defendant utilized the Work for commercial use – namely, in connection with the

marketing of Defendant's business.

22. Upon information and belief, Defendant located a copy of the Work on the internet and rather than contact Plaintiff to secure a license, simply copied the Work for use in marketing its own business.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in October 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, however, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its business website.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees because of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at

Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 1, 2023.

                COPYCAT LEGAL PLLC
                3111 N. University Drive
                Suite 301
                Coral Springs, FL 33065
                Telephone: (877) 437-6228
                dan@copycatlegal.com
                james@copycatlegal.com
                lauren@copycatlegal.com

                By: /s/ Daniel DeSouza_____
                    Daniel DeSouza, Esq.
                    Florida Bar No.:  19291
                    James D'Loughy, Esq.
                    Florida Bar No.: 0052700
                    Lauren Hausman, Esq.
                    Florida Bar No.: 1035947